UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| 1900 Market LLC et al.,<br>        Plaintiffs,<br><br>v.<br><br>Omnia LLC et al.,<br>        Defendants. | Case No. 3:23-cv-00954<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

### MEMORANDUM ORDER

On May 2, 2025, defendants Randy Cook, Omnia LLC, Veritas Global LLC, and Christopher Watson filed a motion to exclude documents that plaintiffs produced after the close of fact discovery and to strike certain portions of the March 28, 2025 report of plaintiffs' expert Tammy Hersh. (Doc. No. 87.) The Court held a telephonic conference on March 17, 2026 to hear from the parties regarding the motion.

Whether late discovery should be excluded depends on "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citations omitted). After reviewing the parties' pleadings and papers and hearing from them at the telephonic conference, the Court concludes that the *Howe* factors do not require exclusion here. The expert's opinions will be important to establish damages and can be questioned at a deposition. Because the expert can be deposed, and because a trial date has not yet been reset, any surprise or prejudice to defendants from the inclusion of the discovery in question will be minimal.

Consequently, for the above reasons and for the reasons discussed at the telephonic conference, the motion to exclude and to strike (Doc. No. 87) is denied.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge